FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 MAR 18 P 1: 41
CLERK TRC
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HENRY LEE MOYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-031 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Henry Lee Moye ("Plaintiff") appeals the decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Plaintiff applied for DIB on June 24, 2010, alleging a disability onset date of May 28, 2010. Tr. ("R"), pp. 178-80. The Social Security Administration denied Plaintiff's application initially, R. 113-16, and on reconsideration, R. 119-22. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"), R. 127-28, and the ALJ held a hearing

on November 10, 2011. R. 37-110. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from William Stewart, a Vocational Expert ("VE"). Id. On January 31, 2012, the ALJ issued an unfavorable decision. R. 7-22.

Applying the five-step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since May 28, 2010, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease, decreased visual acuity, migraines, degenerative joint disease (knees and foot) and sleep apnea (20 CFR 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

4. After careful consideration of the entire record, the claimant has the residual functional capacity ("RFC") to perform light work[1] as defined in 20 C.F.R. § 404.1567(b). He can occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds. The claimant can sit, stand and/or walk (with normal breaks) for a total of six hours in an eight-hour workday. The claimant can push and/or pull with the upper extremities a maximum of 10 pounds. The claimant can occasionally climb ramps or stairs; balance, stoop, kneel, crouch or crawl, but never climb ladders, ropes or scaffolds. The claimant is limited in reaching overhead to a maximum of 10 pounds, but is unlimited in handling, fingering and feeling. The claimant is further limited to tasks that do not require fine detail viewing. (20 C.F.R. § 404.1565).

---

[1]"Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

2

R. 10-22. Because the ALJ determined that Plaintiff could perform his past relevant work, the sequential evaluation process may stop, see 20 C.F.R. § 404.1520(a)(4)(iv). Here, the ALJ also found that other jobs exist in the national economy that Plaintiff could perform, see 20 C.F.R. § 404.1520(a)(4)(v). R. 21. Therefore, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 28, 2010, through the date of this decision (20 C.F.R. § 404.1520(f))." Id.

When the Appeals Council denied Plaintiff's request for review on January 10, 2013, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ (1) erred at step two by finding that Plaintiff's post-traumatic stress disorder ("PTSD"), swollen prostate, and irritable bowel syndrome ("IBS") were not severe impairments, (2) did not properly assess Plaintiff's testimony of limitations due to pain in determining his RFC, (3) improperly determined that Plaintiff could perform his past relevant work, and (4) presented hypotheticals to the VE that failed to include all of Plaintiff's limitations. (See generally doc. no. 7 ("Pl.'s Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not

3

decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. The ALJ Properly Determined at Step Two that Plaintiff's PTSD, Swollen Prostate, and IBS Were Not Severe Impairments.

Plaintiff argues that the ALJ erred at step two of the sequential process by finding that his PTSD, swollen prostate, and IBS were not severe impairments. Pl.'s Br., p. 14. Plaintiff claims the loss of sleep and frequent restroom breaks caused by these impairments amount to "more than minimal limitations on claimant and should be classified as severe . . . ." Id. at 14-15.

A severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). Examples include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that such impairment significantly affects his ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler,

724 F.2d 914, 920 (11th Cir. 1984) (*per curiam*). At the second step of the sequential evaluation process, if the claimant does not have "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," without consideration of age, education, or work experience, then the ALJ will find that he does not have a severe impairment and is therefore not disabled. 20 C.F.R. § 404.1520(c). However, the severity test at step two of the sequential process is designed to screen out only clearly groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (describing severity test as an "administrative convenience designed to screen out groundless claims").

In fact, the Eleventh Circuit describes step two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (*per curiam*) (citing Brady, 724 F.2d 914). Under this test, "an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with his ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*).

Regarding Plaintiff's IBS, the ALJ acknowledged that Plaintiff had a medical history of the condition, R. 15, but found that "[t]he claimant's medical evidence does not document any ongoing evaluation or intensive treatment for [IBS]," R. 12. This finding alone, that the

6

medical record did not establish a history of treatment for IBS, constitutes substantial evidence to support the ALJ's finding that it was not a severe impairment. Further supporting his conclusion, the ALJ found that Plaintiff's activities of daily living indicated his IBS did not significantly interfere with his lifestyle, noting that Plaintiff raked leaves, mowed his lawn, fished, and participated in a family vacation to a theme park. R. 12-13, 16-17.

Plaintiff cites as evidence of his prostate issues a May 2011 record that included a diagnosis of benign prostatic hypertrophy. Pl.'s Br. at 11; R. 704. However, the record in question includes a note that the evidence of hypertrophy was "minimal," and does not include any finding of functional limitations resulting from Plaintiff's swollen prostate. R. 704. Therefore, the record cited does not establish functional limitations due to Plaintiff's swollen prostate or IBS, such that the ALJ erred in not finding those conditions to be severe.

The ALJ also discussed the medical evidence concerning Plaintiff's PTSD, and determined that it too resulted in no significant limitations. The medical record contains no diagnosis of PTSD, and when Plaintiff raised the issue with a doctor, that doctor questioned the validity of Plaintiff's alleged symptoms. R. 693. Nonetheless, the ALJ acknowledged that Plaintiff had been diagnosed with major depression recurrent moderate, but noted that "there is no history of extensive ongoing mental health treatment present in the record." Id. at 13 (citing R. 277-363, 565-92, 593-642, 947-96). The ALJ also cited a consultative examination performed soon after Plaintiff's diagnosis that "reports no indication of depression." Id. at 13, 527-35. The ALJ then undertook a thorough analysis of Plaintiff's mental impairments pursuant to the requisite four functional categories of the "paragraph B" criteria in 20 C.F.R. § 404.1520a(c). After reviewing Plaintiff's alleged limitations, the ALJ

7

determined that his depression and PTSD caused no more than mild limitations in (1) activities of daily living, (2) social functioning, and (3) concentration, persistence, or pace, and that Plaintiff had not experienced any episodes of decompression. R. 13-14 (citing R. 249-60).

Because the ALJ considered and relied on specific medical evidence from the record in determining that Plaintiff's IBS and PTSD were not severe impairments, his determination is supported by substantial evidence. Martin, 894 F.2d at 1529. The Court is mindful that Plaintiff's burden to show the severity of a particular impairment is not a heavy one. See McDaniel, 800 F.2d at 1031. Here, however, substantial evidence supports the ALJ's determination as to Plaintiff's PTSD, swollen prostate, and IBS, and this issue provides no basis for remand.

### B. The ALJ Properly Discredited Plaintiff's Testimony Concerning the Limiting Effects of His Knee, Neck, and Back Pain and Frequent Migraines.

Plaintiff argues that the ALJ erred when determining his RFC by improperly discrediting his testimony regarding pain in his knees, neck, and back, as well as limitations stemming from his frequent migraines. Pl's Br., pp. 15-17.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms,

the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (*per curiam*) (internal quotation marks and citations omitted). As explained below, the ALJ properly conducted the Holt analysis and reached the conclusion that Plaintiff's subjective complaints were not credible to the degree alleged because the medical evidence "[did] not establish the alleged functional limitations." R. 17-18.

### 1. The ALJ Articulated Adequate Reasons for Doubting Plaintiff's Overall Credibility.

In addition to conducting the Holt analysis as to each of the alleged origins of pain, the ALJ provided two overarching reasons for doubting Plaintiff's credibility with respect to his complaints of pain. First, the ALJ found that Plaintiff's activities of daily living—including a vacation to a theme park—were inconsistent with the alleged severity of his

9

limitations.[2]  Id. at 15-18.  Second, the ALJ noted that Plaintiff was primarily treated conservatively for his pain with prescription medication, which "provided some form of relief to the claimant as intended," and that his physical therapy treatment notes indicated "malingering effort and exaggerated complaints." Id. at 18.

### 2. The ALJ Thoroughly Discussed and Properly Discredited Plaintiff's Complaints of Pain in His Knees, Neck, and Back.

In his RFC determination, the ALJ discussed treatment notes from November 2010 through January 2011, which indicated that Plaintiff's neck and back condition had improved following surgery, his pain was manageable with medication, and his neck stiffness "was secondary to pain and also due to the claimant being cautious." R. 18, 377-526. Likewise, the ALJ discussed at length the medical evidence regarding Plaintiff's knee condition, which included a radiologic exam, ultrasound, and x-rays, none of which contained abnormal findings. Id. at 19, 386-526. The ALJ noted that Plaintiff's treatment records included an indication that "claimant's subjective complaints were inconsistent with the objective measurement." Id. at 19, 513. The ALJ further noted that such records indicated Plaintiff had not been compliant with recommended physical therapy for his knee, neck, and back pain, and that when confronted with his absences at physical therapy, Plaintiff requested that he receive massages in lieu of doing exercises. Id. at 18-19. His failure to participate in recommended physical therapy further undermined the credibility of Plaintiff's subjective

---

[2] Plaintiff argues the ALJ improperly relied on activities of daily living, specifically the aforementioned vacation, in disregarding his testimony. However, the ALJ went on to discuss the medical evidence as to each of Plaintiff's conditions individually and at length. See R. 18-20. Therefore, Plaintiff's argument that the ALJ improperly rejected his testimony based only on his activities of daily living is without merit. Rather, the ALJ properly considered Plaintiff's activities of daily living along with the medical evidence in making his credibility determination. 20 C.F.R. § 404.1529(c)(3)(i); see also Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002) (upholding ALJ's decision to discredit claimant's testimony where it was inconsistent with medical evidence and claimant's daily activities); Dyer, 395 F.3d at 1212 (same).

complaints. See Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003); SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996) ("the individual's statements may be less credible if . . . records show that the individual is not following the treatment as prescribed and there are not good reasons for this failure"). Because the ALJ thoroughly evaluated the evidence regarding Plaintiff's knee, neck, and back pain, and provided explicit and adequate reasons for finding Plaintiff's testimony was not credible, the ALJ's credibility determination is supported by substantial evidence. Foote, 67 F.3d at 1562.

### 3. The ALJ Thoroughly Discussed and Properly Discredited Plaintiff's Subjective Complaints Related to Frequent Migraines.

In assessing Plaintiff's complaints regarding migraines, the ALJ considered evidence that Plaintiff had presented in February 2011 with a "migraine-type" headache, for which he was given a prescription for Imitrex. R. 19, 585-87. However, because there was no neurological testing or follow-up treatment, the ALJ found that the medical evidence did not support the severe limitations Plaintiff alleged. Id. at 19, 565-92, 947-96. Plaintiff argues the ALJ improperly discredited his testimony regarding migraines based only on the lack of objective medical evidence supporting his alleged limitations, Pl.'s Br., p. 18, but this was not the ALJ's sole basis for discrediting Plaintiff's testimony. Rather, the ALJ found that Plaintiff's complaints lacked credibility because the treating sources on record did not assess any functional limitations and only treated his migraines conservatively, i.e. with medication, as opposed to extensive testing and treatment. R. 19; see also 20 C.F.R. § 404.1529(c)(2)-(4). In sum, because the ALJ thoroughly discussed Plaintiff's subjective complaints of migraines in light of the medical evidence of record, his credibility determination is supported by substantial evidence, and provides no basis for remand. Foote, 67, F.3d at 1562; Fortenberry, 612 F.2d at 950.

11

### C. The ALJ Properly Determined at Step Four that Plaintiff Could Perform His Past Relevant Work.

Plaintiff argues the ALJ erred at step four by finding that he could perform his past work. Pl.'s Br., p. 13. Plaintiff asserts that his impairments preclude supply work and clerical work, whether performed at the light or sedentary exertional level, and that the hypotheticals posed to the VE did not contain all of his limitations and misstated his limitations from impaired visual acuity. Id. at 20. As explained below, substantial evidence supports the ALJ's finding that Plaintiff can perform his past relevant work.

#### 1. The ALJ Properly Relied on the VE's Testimony Because the Hypotheticals Posed by the ALJ Accurately Reflected Plaintiff's Characteristics.

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones, 190 F.3d at 1229 ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings). However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford v. Comm'r of Social Sec., 363 F.3d 1155, 1161 (11th Cir. 2004) ("the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported"); see also

Loveless v. Massanari, 136 F. Supp.2d 1245, 1250-51 (M.D. Ala. 2001) (noting that non-severe impairments may be omitted from hypothetical questions).

Here, Plaintiff argues the hypotheticals presented to the VE were incomplete because they did not include restrictions due to IBS. Pl.'s Br., p. 20. However, as stated above, the ALJ discussed the evidence regarding Plaintiff's IBS at step two, and his alleged need for frequent restroom breaks in the RFC determination, but found that Plaintiff's IBS did not result in significant functional limitations. R. 12, 15. Plaintiff also claims the hypotheticals did not include restrictions due to pain, sleep apnea, headaches, and Plaintiff's limited mobility in his upper extremities resulting from surgery. Pl.'s Br., pp. 20-21. The ALJ thoroughly discussed Plaintiff's purported limitations stemming from these conditions, and included such limitations in Plaintiff's RFC when they were supported by the medical evidence. R. 15-20. Indeed, the ALJ included significant limitations as to Plaintiff's mobility in his upper extremities, stating "[t]he claimant can push and/or pull with the upper extremities a maximum of 10 pounds," and "[t]he claimant is limited in reaching overhead to a maximum of 10 pounds." R. 15. However, the ALJ properly excluded those of Plaintiff's alleged limitations that he found to be non-severe, unsupported, or incredible. Crawford, 363 F.3d at 1161.

Plaintiff also claims the hypotheticals were flawed because his limitations due to impaired visual acuity were not properly included in the RFC. Pl.'s Br., p. 20. On the contrary, Plaintiff's RFC and the hypotheticals presented to the VE included the restriction that Plaintiff's impaired visual acuity precluded him from tasks requiring fine detail viewing. R. 15, 101-03 Thus, the hypotheticals presented to the VE were not flawed.

In sum, because the hypotheticals presented to the VE accurately and

13

comprehensively reflected Plaintiff's characteristics, the ALJ's reliance on his testimony was proper. McSwain, 814 F.2d at 619-20; Pendley, 767 F.2d at 1562-63.

### 2. The ALJ's Determination that Plaintiff Could Perform His Past Relevant Work Is Based on Substantial Evidence.

"At the fourth step, the ALJ must assess: (1) the claimant's residual functional capacity ('RFC'); and (2) the claimant's ability to return to her past relevant work." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520(a)(4)(iv)). In conducting such analysis, the ALJ must review and consider the plaintiff's RFC and the physical and mental demands of the plaintiff's past relevant work. 20 C.F.R. § 404.1520(f). Social Security Ruling 82–62 provides that the determination or decision must contain (1) a finding of fact as to the individual's RFC, (2) a finding of fact as to the physical and mental demands of the past jobs or occupations, and (3) a finding of fact that the individual's RFC would permit a return to such jobs or occupations. SSR 82-62, 1982 WL 31386, at *4 (Jan. 1, 1982).

The ALJ may consult the Dictionary of Occupational Titles ("DOT") in order to obtain evidence regarding whether the claimant possesses the RFC to perform his past relevant work. 20 C.F.R. § 404.1560(b)(2); Jones v. Apfel, 190 F.3d 1224, 1230 (11th Cir.1999) (holding that the ALJ may "take administrative notice of reliable job information available from various governmental and other publications, such as the DOT"). In addition, the ALJ may consider the testimony of a VE in making his determination at step four. 20 C.F.R. § 404.1560(b)(2); Phillips, 357 F.3d at 1240 ("A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments.").

Here, the ALJ's decision included all the requisite findings, which are based on substantial evidence, and thus he properly determined that Plaintiff could perform his past

relevant work. As discussed supra Part III.B, the ALJ thoroughly reviewed the medical evidence of record, as well as Plaintiff's subjective testimony of his limitations, in determining Plaintiff's RFC. The ALJ referenced the DOT and included findings as to the exertional level and Specific Vocational Preparation for each of Plaintiff's past jobs. R. 20-21; Jones, 190 F.3d at 1230. The ALJ also took testimony from the VE regarding Plaintiff's past work "as [Plaintiff] described them, and as those jobs are described in the [DOT] . . . ." R. 20-21.

The ALJ then presented hypotheticals based on claimant's RFC, which, as stated above, accurately reflected Plaintiff's characteristics, and the VE testified that Plaintiff could perform his past work as an administrative clerk with a reduction in the number of jobs due to Plaintiff's lifting restrictions. Id. at 21; Phillips, 357 F.3d at 1240. Therefore, the ALJ properly assessed whether Plaintiff could perform his past work in accordance with the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iv) & (f); SSR 82-62, 1982 WL 31386, at *4.

The main thrust of Plaintiff's argument is that Plaintiff cannot perform his past relevant work because his vision is poor. The ALJ restricted Plaintiff to "tasks that do not require fine detail viewing" based on the assessment of Dr. Daniel Hennessy, who noted that, although the claimant's vision precluded frequent fine detail viewing, he was able to see large objects. R. 15, 19, 551. Plaintiff argues, however, that "[c]ommon sense implies that [Plaintiff's past relevant work] require[s] more than just the visual ability to 'see large objects.'" Pl.'s Br., p. 20. Plaintiff further argues that his past work "should require at least some fine detailed viewing." Id. However, Plaintiff provides no support for his conclusory assertions, and the DOT entry for his past relevant work as an administrative clerk does not

include any requirement of fine detail viewing. DOT, § 219.362-010, 1991 WL 671953 (G.P.O.).

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 18th day of March, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE